WILLIAM G. MALCOLM #129271
DON ROBINSON #123411
MALCOLM ♦ CISNEROS
2112 Business Center Drive
2nd Floor
Irvine, California 92612
Telephone:     (949) 252-9400
Telecopier:    (949) 252-1032

Counsel for CENTRAL MORTGAGE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HEIDI AMAYA,

          Plaintiff,

vs.

JASON JOHN VAN BEEK;
CENTRAL MORTGAGE COMPANY;
COUNTRYWIDE HOME LOANS,
INC., NORTHWEST TRUSTEE
SERVICES, INC., OLD
REPUBLIC DEFAULT
MANAGEMENT SERVICES, its
Successors and assigns, an
all person claiming to
have a legal, equitable
lien, and state in the
subject property located
at 5082 Shirley Dr., La
Palma, CA 90623, and DOES
1 through 20, inclusive,

          Defendants.

Case No. SACV09-749 JVS (SSx)

**NOTICE OF REMOVAL**

      Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant CENTRAL MORTGAGE COMPANY hereby gives notice of the removal of this civil action from the Superior Court of the State of California in and for the County of Orange to the United States District Court for the Central District of California. In support of this Notice of Removal, Defendant

states as follows:

1.    Plaintiff  commenced  this  action  by  filing  a Complaint in the Superior Court of the State of California in and for the County of Orange on May 17, 2009, Case No. 30-2009-00122892 ("State Court Action").  See Complaint and Lis Pendens attached hereto.

2.    Plaintiff was not properly served but received a copy of the summons and complaint on June 2, 2009.  This removal is timely because it has been filed within the shorter of 30 days after receipt by the Defendant through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based or within 30 days after the service of summons upon the Defendant.  See 28 U.S.C. § 1446(b).

3.    The  Complaint  alleges  violations  of  various federal  statutes,  including  the  Real  Estate  Settlement Procedures Act (RESPA"), Title 18 U.S.C. Section 334, and sets forth various state law causes of action.

4.    Removal is proper because the district court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, which includes RESPA and Title 18 and the entire case may be removed whenever a separate and independent claim or cause of action within the jurisdiction of the district court is joined with one or more otherwise nonremovable claims or causes of action.  28 U.S.C. § 1331.

5.    Any  civil  action  brought  in  a  State  court  of which the district courts of the United States have original

1   jurisdiction, may be removed by the defendant or the defendants,

2   to the district court of the United States for the district and

3   division embracing the place where such action is pending.   28

4   U.S.C. § 1441.

5           6.   Defendant has complied with the procedures for

6   removal set forth in 28 U.S.C. § 1446.  Notice of this Removal

7   is being provided to plaintiff's attorney as follows: Eric-

8   Douglas Johnson, 9426 Firestone Boulevard, Downey, Californi

9   90241.   Pursuant to § 1446(d), a copy of this Notice of Removal

10  will be filed with the Superior Court of the State of California

11  in and for the County of Orange.   A copy of all process,

12  pleadings and orders served on the Defendant are attached.

13      WHEREFORE, for the foregoing reasons, Defendant removes

14  this action from the Superior Court of the State of California

15  in and for the County of Orange to the United States District

16  Court for the Central District of California and respectfully

17  request the Court to exercise jurisdiction over this action.

18  Dated:   June 26, 2009

19                  MALCOLM ♦ CISNEROS

20

21                  By:_____

22                      WILLIAM G. MALCOLM
                        Attorneys for CENTRAL MORTGAGE COMPANY

23

24

25

26

27

28

029202060603

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

*See Attachment*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* ~~Heidi Amaya~~

*Heidi Amaya*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 1 1 2009

ALAN CARLSON, Clerk of the Court

BY _____ E. VELOZ _____, DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE 700 CIVIC CENTER DRIVE WEST POST OFFICE BOX 838 SANTA ANA CA 92702-0838 | **CASE NUMBER:** *(Número del Caso):* 30-2009 00122892 JUDGE JAMES J. DI CESARE DEPT. C18 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

*Heidi Amaya
5082 Shirley Dr, La Palma CA 90623*

**DATE:** *(Fecha)* 5 11 09  ALAN CARLSON, Clerk, by *(Secretario)* ENRIQUE VELOZ, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 American LegalNet, Inc. www.USCourtForms.com |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Amaya Vs Van Beek | 30-2009 00122892 |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☑ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

Jason John Van Beek
Central Mortgage Company
Countrywide Home Loans, INC
NorthWest Trustee Services INC
Old Republic Default Management
Services
its Successors and assigns an all
Person claiming to have a legal, equitable
Lien, and State in the Subject property
Located at: 5082 Shirley Dr La Palma CA 9062
and Does 1 through 20, inclusive

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 1 1 2009

ALAN CARLSON, Clerk of the Court

BY:_____E. VELOZ_____,DEPUTY

1  :Heidi: Amaya
2  5082 Shirley Drive
   La Palma, CA 90623
3  Orange: the County
   California: the land
4

5  For the Plaintiff(s): :Heidi: Amaya, Sui Juris, In Propria Persona

6        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
7           **COUNTY OF ORANGE      30-2009**

8                                              )    Case No._____ 0 0 1 2 2 8 9 2
                                               )
9  Heidi Amaya                                 )
                                               )    **COMPLAINT FOR DAMAGES BASED:**
10      Plaintiffs                             )
                                               )    **WRONGFUL FORECLOSURE;**
11                                             )    **DECLARATORY RELIEF;**
                                               )    **TO VACATE TRUSTEE'S DEED UPON**
12      vs.                                    )    **SALE;**
                                               )    **TO VACATE AND SET ASIDE**
13 JASON JOHN VAN BEEK;                        )    **FORECLOSURE SALE;**
   CENTRAL MORTGAGE COMPANY;                   )    **QUIET TITLE;**
14 COUNTRYWIDE HOME LOANS, INC;                )    **NEGLIGENT MISREPRESENTATION;**
   NORTHWEST TRUSTEE SERVICES, INC;            )    **FRAUD;**
15 OLD REPUBLIC DEFAULT MANAGEMENT             )    **BREACH OF CONTRACT;**
   SERVICES;                                   )    **CONVESION;**
16 Its Successors and assigns, an all person claiming )  **INTENTIONAL INFLICTION OF**
   to have a legal, equitable lien, and state in the )   **EMOCIONAL DISTRESS;**
17 subject property located at: 5082 Shirley Dr. La )   **VIOLATION OF BUSINESS CODE 17200;**
   Palma, CA 90623                             )    **PROMISSORY ESTOPPEL;**
18 and DOES 1 through 20, inclusive,           )    **INJUNCTION.**
                                               )
19      Defendants                             )
                                               )
20                                             )

21 Plaintiff :Heidi: Amaya  ("Plaintiff") claims and for cause of action claims against Defendant(s):

22 JASON JOHN VAN BEEK, CENTRAL MORTGAGE COMPANY, COUNTRYWIDE

23 HOME LOANS, INC., NORTHWEST TRUSTEE SERVICES, INC., OLD REPUBLIC DEFAULT

24 MANAGEMENT SERVICES, INC., ("Defendants") as follows:

25                    **GENERAL CLAIMS**      JUDGE JAMES J. DI CESARE
                                                     DEPT. C18
26

27    1. For the Plaintiff :Heidi: Amaya  is now, and at all times relevant herein, a flesh and blood

28 woman in California: the land.

COMPLAINT FOR WRONGFUL FORECLOSURE                                1

2.  At all the time relevant to this action Plaintiff has and holds an interest in the real property located in the County of Orange, commonly known as 5082 Shirley Drive, La Palma, California 90623. Plaintiff believe and is informed that lenders and Defendant(s) do not posses clear chain of title to said property that they are trying to foreclose on; Defendant(s) legal description is attached (Exhibit A ) – which is not the True legal description of said property based on Orange County Assessors Surveyors Map. **(See Exhibit B).**

However, Plaintiff have the True legal description of the above-stated property as Indicated on the Metes and Bounds non-commercial description based on the Orange County Assessors Surveyors Map **(See Exhibit C).**

3.  For the Plaintiff is informed and believes and thereon claims that Defendant(s), JASON JOHN VAN BEEK, CENTRAL MORTGAGE COMPANY, COUNTRYWIDE HOME LOANS, INC., NORTHWEST TRUSTEE SERVICES, INC., OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, all inclusive is now, and at all times relevant herein, and has been an entity organized and or existing as a fiction under conducting business as a fictitious entity in the County of Orange.

4.  For the Plaintiff is unaware of the true names and capacities of Defendant(s) sued herein as Does 1 through 20, inclusive, and therefore sues said defendant(s) by such fictitious name(s).

5.  Plaintiff will amend this complaint when names are ascertained.

6.  For the Plaintiff is informed, believes and based upon claims, information and belief alleges that each of the fictitiously named Defendant(s), at all times herein mentioned, were the agent and/or employees of each of the remaining defendant(s) and was at all times acting within the purpose and scope of such agency and employment.

7.  On or about February 25Th, 2009. Defendant(s) alleges that an acquisition of title in and to real property as herein above described was perfected by way of a trustee's sale in favor of the defendant(s).

8.  On March 3th, 2009. Defendant(s) commenced an action for possession of the Real Property herein above by posting on Plaintiff's front door a 3 days NOTICE TO QUIT and on April 6th, 2009, filed a complaint for Unlawful Detainer.

9.  The acts committed by the defendant(s) as set forth in paragraphs 7 and 8 herein above are Without Merit, a fiction and unlawful in the extreme.

COMPLAINT FOR WRONGFUL FORECLOSURE                              2

## FIRST CAUSE OF ACTION

### [WRONGFUL FORECLOSURE]

#### CAL. CIV. CODE§2923.5 et seq.

10. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 9 of this Complaint as if fully set forth herein

11. Defendants claims they have complied with civil code 2924 in paragraphs 8 thru 11 of their complaint for Unlawful Detainer that they have met the burden of proof in that a sale had occurred and the trustee's Deed establishes this presumption that the sale was "duly perfected" and Civil Code 2924 has been complied with.

12. Defendant cannot affirmatively prove that it has complied with each of the statutory requirements for foreclosure.

13. If the Trustees sale had occurred prior to September 6, 2008 plaintiff would prevail but for other procedural defects in the assignment of the Deed of Trust in Civil Code 2932.5 prior to sale.

14. For our purposes we need not look any farther than the Notice of Trustees Sale to find the declaration and is signed under penalty of perjury; as mandated by new Civil code 2923.5 (c). This lender signed but never contact Defendant according to the mandates laid out by congress before a foreclosure and can not be considered duly perfected.

## SECOND CAUSE OF ACTION

### [DECLARATORY RELIEF]

15. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16. An actual controversy has arisen and now exists between Plaintiff and Defendant(s) concerning their respective rights and duties, and their interest in and to the property, in that Plaintiff alleges that the Trustee's Sale referred to above in paragraph 7 is and should be null and void in that said Trustee's sale was unfairly and improperly noticed and conducted and was undoubtedly a violation of the Civil Code section 2924 et seq and in that Defendant(s) and each of them, assert a Claim and interest in and to the property by virtue of a Trustee's Deed referred to in paragraph 7

COMPLAINT FOR WRONGFUL FORECLOSURE                                    3

17. A judicial determination is necessary and appropriate at this time under the circumstances to verify and determine the respective rights and duties of the parties with respect to the Property Specifically, Plaintiff seeks a judicial determination that:

    (a) The Trustee's sale be voided;

    (b) None of the Defendant(s) in this action herein hold any rights or title to the property.

    (c) The Trustee's Deed Upon Sale is void and ineffective to convey any interest in and to the Real Property.

    (d) Plaintiff(s) are entitled to an Order of this Court canceling the Trustee's Deed Upon Sale and Quiet Title to the property in Plaintiff free and clear of the claims of any of the Defendant(s) herein.

18. Such a declaration is necessary and appropriate at this time in order that Plaintiff may ascertain her rights in and to the real property.

## THIRD CAUSE OF ACTION
### [TO VACATE TRUSTEE'S DEED UPON SALE]

19. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Defendant(s) claims an estate or interest in the property adverse to that of the Plaintiff, but each Defendant's claims are without any rights and Defendant(s) have no estate, right, title or interest in the property.

21. The claims of the Defendant(s) are based on the Trustee's Deed set forth and described in the above paragraph 7 purporting to convey the property to Defendant(s).

22. For the reasons set forth in paragraph 16, above, said Trustee's Deed Upon Sale is invalid, and Therefore of no effect or force in these matters.

23. The estate in the property claimed by Defendant(s) based on said Trustee's Deed is a cloud on Plaintiff's title in and to the property, depreciates it's market value and restricts Plaintiff's full use and enjoyment of it. Additionally, said Deed hinders Plaintiff's right to unrestricted alienation of the property.

24. Unless the relief requested herein is granted, Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law.

COMPLAINT FOR WRONGFUL FORECLOSURE        4

## FOURTH CAUSE OF ACTION
### [TO VACATE AND SET ASIDE FORECLOSURE SALE]

25. Plaintiff repeats and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 24, inclusive, as set forth above and re-pleads the same as if set out in full with the same force and effect.

26. Plaintiff's estate has been impaired by the continued existence of the subject Trustee's Deed Upon Sale which constitutes a cloud on plaintiff's title and which has caused and continues to cause plaintiff great irreparable injury in that Plaintiff's title has been rendered uninsurable and totally unmarketable to plaintiff.

27. Due to the aforesaid wrongful, unlawful, and oppressive conduct of Defendant(s) in bad faith, is void and subject to cancellation. Plaintiff seeks an Order from this Court to set aside the unlawful foreclosure sale and cancel the Trustee's Deed Upon Sale which was executed and recorded after said sale.

28. Plaintiff do not have an adequate remedy at law and therefore seeks an Order from this Court vacating and setting aside the aforesaid unlawful foreclosure and canceling the Trustee's Deed Upon Sale, and rendering and declaring said sale Trustee's Deed Upon Sale, void ab initio.

29. Unless the relief requested herein is granted, Plaintiff(s) will suffer immediate and irreparable injury, for which there is no adequate remedy at law.

## FIFTH CAUSE OF ACTION
### [QUIET TITLE]

30. Plaintiff(s) repeats and does incorporates herein by reference each and every allegation set forth in paragraphs 1 through 29 inclusive, as set forth above and re-pleaded the same as if set out in full with the same force and effect.

31. Defendant(s) have no rights, title, estate lien, or interest in Property because of the underlying foreclosure  proceeding and Trustee's Deed Upon Sale were void and ineffective convey title to the property.

32. Defendant(s) and all persons and parties claiming under them through them are without any legal or equitable right, title, estate, lien or interest in the property.

33. Plaintiff(s) desires and is entitled to judicial declaration quieting title for plaintiff(s) as of the purported Trustee's foreclosure sale held by defendant(s).

COMPLAINT FOR WRONGFUL FORECLOSURE                                         5

34. Unless the relief requested herein is granted, Plaintiff(s) will suffer immediate and irreparable injury, for which there is no adequate remedy at law.

## SIXTH CAUSE OF ACTION
### [NEGLIGENT MISREPRESENTATION]

35. Plaintiff(s) repeats and does incorporates herein by reference each and every allegation set forth in paragraphs 1 through 34 inclusive, as set forth above and re-pleaded the same as if set out in full with the same force and effect.

36. Plaintiff allege that on  February 1, 2006, Defendant(s), and each of them, were engaged in an illegal scheme, the purpose of which was to execute this loan secured by real property in order to make undisclosed profit by the sale of any instruments arising out of the transaction and to make a loan to a borrower that could not afford to repay  the "Ballon Payment" given  her stated financial situation.

37. Plaintiff allege that Defendant(s), and each of them, have represented to plaintiff and the third parties that they were the owners of the Trust Deed and Note as either the Trustee or the beneficiary regarding Plaintiff real property.

38. Based on this representation they caused a Notice of Default to be issued and recorded Without disclosing their true role, and thereafter a notice of intent to foreclose and finally they executed a foreclosure, a foreclosure which was completed, permanently affecting Plaintiff's rights, title and interest in the Subject Property.

39. Plaintiff allege that the promissory note which was executed by Plaintiff and which initially formed a basis of a security interest in the subject property, was assigned in violation of Civil Code Section 2932.5 et seq. because the assignment was not recorded, and as such the promissory note was rendered as non-negotiable and no power of sale was conveyed with the note at the time of the assignment, and therefore, Defendant(s), and each of them, had no lawful security interest in the subject property.

40. Plaintiff(s) allege that Defendant(s) failed to comply with RESPA and failed to disclose lender information to Plaintiff  and are not entitled to proceed with the foreclosure until such compliance occurs; and on the information and belief, that defendants are not otherwise entitled to continue with said foreclosure because of the lack of proper statutory execution of the deed of trust.

41. Plaintiff herein allege because of Defendant(s) deceitful and fraudulent conduct, Plaintiff(s)

COMPLAINT FOR WRONGFUL FORECLOSURE                                              6

have lost the subject real property notwithstanding the fact that the Trustee was not in possession of the original Note, that the note when it was assigned to Defendant(s), the assignment by Defendant(s) and its assigns, did not convey the power of sale because it violated the terms of California Civil Code Section 2932.5, that the assignment when it was made to the Defendant(s) that the Note was no longer a negotiable instrument because the assignment was not physically applied to the Note pursuant to the holding of Pribus v. Bush, (1981) 118 Cal.App.3d 1003, 173 Cal.Rptr. 747, although there was sufficient room on the back of the Note to complete the assignment, and as such the foreclosure of Plaintiff subject property did not conform with strict mandates of Civil Code Section 2924.

### SEVENTH CAUSE OF ACTION

**[FRAUD]**

42. Plaintiff(s) repeats and incorporates all herein by reference and each and every allegation set forth in paragraphs 1 through 41 inclusive, of all allegations and re-pleads the same as set out in full with the same force and effect.

43. Plaintiff is inform or believes on such believes claims that the following had happen; On February 14, 2006 Defendant Jason John Van Beek, his representatives in All Coast Escrow Inc, or his attorney in fact Amanda J. Stanley/AKA Amanda J. Potier failed to credit the total amount of $35,000.00 money deposited in Escrow by the Plaintiff to the principal balance of the second loan with Countrywide Home Loans, Inc., only $30,000 were credit and the rest about 60 days later from the close of escrow.

44. On February 8, 2006 Defendant attorney in fact Amanda J Stanley/AKA Amanda J. Potier, Acting as servicer of the loan, collected a check in the amount of $5,212.30 check to be held uncashed until March 1st 2006 for the March 1, payment, she cashed the check on February 10,2006, 4 days before escrow closed on 2/14/2006

45. On July and August 2006, Defendant attorney in fact, Amanda J Stanley/ AKA Amanda J. Potier collected from Plaintiff the total amount of $10,140.38 for mortgage payments and failed to make the mortgage payment to Central Mortgage Company, the money was credited at later time.

46. On September 20, 2006 the Defendant or his attorney in fact, Amanda J Stanley/ AKA Amanda J. Potier, withdraw funds In the amount of $3,178.12 from the Countrywide Home Loans, Inc., open equity line of credit without the authorization of the plaintiff.

COMPLAINT FOR WRONGFUL FORECLOSURE                          7

47. The above acts by the defendants and his representatives were willful and fraudulent, causing harm to the Plaintiff and constitute a  rent, or royalties, in whatever form, are unknown to Plaintiff and cannot be determined without an accounting.

48. Defendant(s), and each of them, secured title to property unlawfully and in violation of Civil Code Section 2924, as herein before stated, and therefore Defendant(s) should be precluded from asking or charging for foreclosure cost, attorney's fees and court costs not justified under the law. Additionally, Defendant(s) should be precluded from charging attorney's fees and court costs for this action since the court action is a proximate result of defendant's unlawful acts and omissions, as more fully described above.

## EIGHTH CAUSE OF ACTION
### [BREACH OF CONTRACT]

49. Plaintiff(s) repeats and incorporates all herein by reference and each and every allegation set forth in paragraphs 1 through 48 inclusive, of all allegations and re-pleads the same as set out in full with the same force and effect.

50. Plaintiff is inform or believes on such believes claim s that the following had happen:
The term of the Promisory Note and All Inclusive Deed of Trust, was for a period of 3 years,
The Terms where change at the time The Promisory Note and All Inclusive Deed of Trust were prepared for only 2 years, Ignoring the agreement and terms of the Purchase Contract.

51. Plaintiff informed is and believe and therefore allege that her loans after they were originated and funded were sold on multiple occasions, bundled into a group of Trust Deeds and subsequently sold to investors as a Derivative, "Mortgage Backed Security", and that therefore none of these defendant(s), and each of them, owned this loan, or Note and can not be and are not the Beneficiary, or lawfully appointed trustee, and have no right to declare a default, to cause notices of default to issue or to be recorded, or to foreclose on Plaintiff  interest in the subject property, Pursuant to UCC Title 16 under Banks and Banking Defendant(s), and each of them, were not the note Holder or the Note holder in due course or any Beneficiary at any time in regards to this loan.

52. That none of these Defendant(s), and each of them, were ever disclosed as the beneficiary in accordance with California Code of Civil Procedure Section 2924 et seq.

COMPLAINT FOR WRONGFUL FORECLOSURE                                       8

53. Plaintiff further allege on information and belief that none of these alleged beneficiaries or representatives of the Beneficiary have the original note to prove that they are in fact the party authorized to conduct the foreclosure.

54. Plaintiff(s) further allege that the foreclosure sale of the Subject Property was not executed in accordance with the requirements of California Civil Code Sections 1624, 2923.5, 2932.5 and Commercial Code Section 3302 et seq.

55. That the Trustee who was acting as the agent of the Principal failed to have written authorization to act for the principal and under California Civil Code Section 1624 the agency relationship must also be in written form.

56. That the notices and foreclosure failed to conform with the provisions of California Civil Code Section 1624, 2923.5, 2932.5 et seq., and Commercial Code Section 3302 et seq.

## NINETH CAUSE OF ACTION
### [CONVERSION]

57. Plaintiff(s) repeats and incorporates all herein by reference and each and every allegation set forth in paragraphs 1 through 56 inclusive, of all allegations and re-pleads the same as set out in full with the same forth and effect.

58. Pursuant to the Securities Exchange Act of 1934 under Safe and Sound Banking Practices (Definition 14, 1-203, Article 8) a bank can't use an instrument without Plaintiff written permission if information is unauthorized based on gross misrepresentation. Plaintiff(s) were not aware or was not given full disclosure by Defendant(s) that the note was pooled and sold as a Security Instrument, which under Title 18 U S C 334 is a felony and U S C 655 this is a federal crime and under Title 17, Stat 1075 this is obvious fraud under the Securities Exchange Commission. Conversion is – the act of exchanging one type of money or security for another. It is the unlawful appropriation or use of another's property, resulting in a deprivation of ownership rights.

59. Plaintiff is informed and believe and therefore allege that their loans after they were originated and funded were sold on multiple occasions, bundled into a group of Trust Deeds and subsequently sold to investors as a Derivative, "Mortgage Backed Security", and that therefore none of these Defendant(s), and each of them, owned this loan, or Note and can not be and are not the Beneficiary, or lawfully appointed trustee, and have no right to declare a default, to cause notices of default to issue or to be recorded, or to foreclose on Plaintiff interest in the subject property. Pursuant

COMPLAINT FOR WRONGFUL FORECLOSURE                                        9

to UCC Title 16 under Banks and Banking, this is a crime punishable by 34yrs in prison. Defendant(s) and each of them were not the Note Holder or the Note Holder in due course or any Beneficiary at any time in regards to this loan, and no interest dividends or monetary consideration was tendered to the Plaintiff.

60. Plaintiff(s) further allege and believe that their loans were given a MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.) registration ID#, entered into a pool of mortgages and was exchanged on the secondary market by Defendant(s) without MERS being licensed to do business in California. According to the Secretary of State of California MERS license was suspended .(See Exhibit C)

**TENTH CAUSE OF ACTION**

**[INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]**

61. Plaintiff repeats and incorporates all herein by reference and each and every allegation set forth in paragraphs 1 through 60 inclusive, of all allegations and re-pleads the same as set out in full with the same force and effect.

62. Pursuant to Civil Code Section 3333, damages are usually measured by the value of the property at the time of the sale in excess of the mortgage and lien against the property. Munger v. Moore (1970) 11 Cal.App.3d. 1.

63. Pursuant Civil Code Section 3333, Plaintiff(s) may also obtain damages for emotional distress in a wrongful foreclosure action. Young v. Bank of America (1983) 141 Cal.App.3d 108; Anderson v. Heart Federal Savings & Loan Assn. (1989) 208 Cal.App.3d. 202. Further, Plaintiff(s) can prove by clear and convincing evidence that the servicer or trustee was guilty of fraud, oppression and malice in which punitive damages may be awarded.

**ELEVENTH CAUSE OF ACTION**

**[ VIOLATION OF BUSINESS AND PROFESSIONS CODE]**

64. Plaintiff repeats and incorporates all herein by reference and each and every allegation set forth in paragraphs 1 through 57 inclusive, of all allegations and re-pleads the same as set out in full with the same force and effect.

COMPLAINT FOR WRONGFUL FORECLOSURE.                                    10

65. Plaintiff further allege that Defendant(s) were in violation of California Business and Professions Code Section 17200, to include any unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1.

66. Plaintiff confronts a real, imminent and severe harm that cannot adequately be compensated with monetary reward. No amount of money can compensate Plaintiff for the loss of the home.

## TWELVETH CAUSE OF ACTION
### [PROMISSORY ESTOPPEL]

67. Plaintiff(s) repeats and incorporates all herein by reference and each and every allegation set forth in paragraphs 1 through 66 inclusive, of all allegations and re-pleads the same as set out in full with the same force and effect.

68. Plaintiff request to Defendant for an extension of the term of the Loan to avoid foreclosure, Defendant refused to work any Loan Modification, Plaintiff acted in good faith by continuing to Make the mortgage payments to the Lenders, Defendant(s) foreclosed even though plaintiff had Bonafide good intentions to continue making the payments.

69. The above acts by the defendants and his representatives were willful and fraudulent, causing harm to the Plaintiff and constitute a rent, or royalties, in whatever form, are unknown to Plaintiff and cannot be determined without an accounting.

70. Defendant(s), and each of them, secured title to the property unlawfully and in violation of Civil Code Section 2924, as hereinbefore stated, and therefore Defendant(s) should be precluded from asking for charging foreclosure cost, attorney's fees and court costs not justified under the law. Additionally Defendant(s) should be precluded from charging attorney's fees and court costs for this action since the court action is a proximate result of defendant's unlawful acts and omissions, as more fully described above.

## THIRTEEN CAUSE OF ACTION
### [INJUNCTION]

71. Plaintiff hereby restates and re-pleads paragraphs 1 through 70 and incorporate same by reference with the same force and effect.

COMPLAINT FOR WRONGFUL FORECLOSURE                    11

72. Defendant(s) and each of them have secured and will continue to secure rents and royalties for the property and intend to sell and unless restrained will continue in the same bad faith business and unfair dealings and will sell or cause to sell the property in order to make a substantially higher profit than they would otherwise be entitled to, entirely at the expense of Plaintiff. Plaintiff will suffer great and irreparable injury if Defendant(s) and each of them are not enjoined, and/or restrained from selling the property to a third party. Unless so restrained and most assuredly enjoined. Defendant(s) will continue to unlawfully maintain ownership and exercise possession of the property unjustly unless this Court can render its decision as to the proper and legal ownership of this real property.

The requested relief is appropriate and necessary to preserve the current status and interest of the various parties herein including other affected parties and third parties and to afford each party an orderly disposition of the controversy now before the Court.

**WHEREFORE**, Plaintiff:  prays for judgment against Defendant(s) and each of them, as follows:

1. For a declaration of the rights and duties of the parties, specifically that the foreclosure in this case was wrongful.
2. For issuance of an Order canceling all Trustee's Deed Upon Sale;
3. To Cancel the Trustee's Deed;
4. To vacate and set aside the foreclosure sale;
5. To quiet title in favor of Plaintiff as against Defendant(s);
6. For compensatory damages for fraud according to proof at time of trial.
7. For punitive and exemplary damages for fraud according to proof at time of trial.
8. For compensatory damages for negligent misrepresentation according to proof at time of trial.
9. For punitive and exemplary damages for negligent misrepresentation according to proof at time of trial.

COMPLAINT FOR WRONGFUL FORECLOSURE                                    12

10. For issuance of a temporary restraining order, a preliminary injunction, and a permanent injunction all enjoining Defendant(s), and all other parties acting under, for, or in concert with it from selling or attempt to sell or causing to be sold the real property by Trustee's Sale and foreclosure action including but not limited.

    a. Executing any writs of possession for, or into the property;

    b. Evicting any inhabitants within the property named or unnamed including   Plaintiff

    c. Posting any bills, signs, or other indicia offering the property for sale or rental.

11. That Plaintiff recover fees and costs in this action to the extent permitted by law; and

12. For such other and further relief as the Court may deem just and proper.

### FOR THE VERIFICATION

For I :Heidi: Amaya, am the Plaintiff in these proceeding, I have read the foregoing complaint, I am informed and thereon believe and allege the matters stated in it are true, and of my knowledge, I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 11, 2009

:Heidi: Amaya
Plaintiff in Propria Persona

COMPLAINT FOR WRONGFUL FORECLOSURE      13

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. <u>AN ILLEGAL, FRAUDULENT OR WILLFULLY OPPRESSIVE SALE OF PROPERTY UNDER A POWER OF SALE CONTAINED IN A MORTGAGE OR DEED OF TRUST.</u>**

The wrongful foreclosure action is often brought prior to the non-judicial foreclosure sale in order to delay the sale, but the action may also be brought after the non-judicial foreclosure sale. In most cases, a wrongful foreclosure action alleges that the amount stated as due and owing in the notice of default is incorrect for one or more of the following reasons: an incorrect interest rate adjustment, incorrect tax impound accounts, misapplied payments, a forbearance agreement which was not adhered to by the servicer, unnecessary forced place insurance, improper accounting for a confirmed chapter 11 or chapter 13 bankruptcy plan. Wrongful foreclosure actions are also brought when the servicers accept partial payments after initiation of the wrongful foreclosure process, then continue with the foreclosure. **<u>Munger v Moore</u> (1970) 11 Cal.App.3d 1.** One purpose of the statutory notice requirements is to protect a trustor from wrongful loss of the property. **<u>Melendrez v. D&I Investment</u>, 127 Cal.App.4th 1238, 1249, 26Cal.Rptr.3d413(2005).** The causes of action alleged in a wrongful foreclosure action filed in California may include the following: breach of contract, intentional infliction of emotional distress, negligent infliction of emotional distress, violation of **Business and Professions Code Section 17200** (Unfair Business Practices), quiet title, wrongful foreclosure (**violation of Civil Code Section 2924**), accounting and /or promissory estoppel.

**B. <u>WRONGFUL FORECLOSURE BASED ON TRUSTEE'S WRONGFUL CONDUCT AND FRAUD APPLIES TO THIS CASE.</u>**

Substitute foreclosing trustee (1) RECONTRUST was not duly appointed pursuant to California Code Section 2934 (a)(b) (2) and U.S.C. 3754 (d) of the U.S. Banking Code and (2) USBC BANK, N.A. was not the owner and holder of the Note and Mortgage as of the date the Foreclosure Action was initiated and therefore Lacked Constitutional and Prudential Standing to Foreclose pursuant to Commercial Code Sections 3301-3312 et seq. Any transfers of the mortgage of the notice and mortgage fundamentally flow back to the note: "The assignment of a mortgage without transfer of the Indebtedness confers no right, since debt and security are inseparable and the mortgage alone is not a subject of transfer," <u>Hyde v. Mangan</u> **(1891) 88 Cal.319 ,26 P180,1891** <u>Cal Bowman v. Sears</u> **(1923, Cal App) 63 Cal App 2 218 P 489, 1923 Cal App LEXIS 199;** <u>Treat v. Burns</u> **(1932) 216 Cal 216, 13 P2d,724 1932 Cal**

COMPLAINT FOR WRONGFUL FORECLOSURE                                    14

1    LEXIS 554. "A mortgagee's purported assignment of the mortgage without an assignment of the debt

2    which is secured is a legal nullity." **Kelly v. Upshaw** (1952) 39 Cal2d179, 246 P2d 23, 1952Cal.

3    LEXIS 248. "A trust deed has no assignable has no assignable quality independent of the debt; it may

4    not be assigned or transferred apart from the debt; and an attempt to assign the trust deed without a

5    transfer of the debt is without effect." **Domarad v. Fisher & Burke, Inc.** (1969 Cal. App. 1st Dist) 270

     Cal. App. 2d 543, 76 Cal.Rptr.529, 1969Cal. App.LEXIS 1556.

6

7    C. **DAMAGES AVAILABLE CAUSED BY THE SERVICER OR TRUSTEE'S WRONGFUL**

8    **CONDUCT.**

9    Damages available to a borrower in a wrongful foreclosure action are an amount sufficient to

10   compensate for all detriment proximately caused by the servicer or trustee's wrongful conduct. **Civil**

11   **Code Section 333.** Damages are usually  measured by value of the property at the time of the sale in

12   excess of the mortgage and lien against the property. **Munger v. Moore** (1970) 11 Cal.App.3d. 1.

13   Additionally, the borrower may also obtain damages for emotional distress in a wrongful foreclosure

     action. **Young v Bank of America** (1983) 141 Cal.App.3d 108; **Anderson v. Heart Federal Savings**

14   **& Loan Assn.** (1989) 208 Cal.App.3d 202. Further, if the borrower can prove by clear and convincing

15   evidence that the servicer was guilty of fraud, oppression or malice in its wrongful conduct, punitive

16   damages may be awarded.

17

18   D. **CONSIDERATIONS FOR GRANTING A PRELIMINARY  INJUNCTION IN THIS**

19   **CASE**

20   In determining whether to grant a preliminary injunction, the Court shall consider the probability of

21   success on the merits, and whether greater injury will result to the Defendants in granting the injunction

22   than to Plaintiff in refusing it. **Continental Baking Co. v. Katz,** 68 Cal 2d 512, 528(1968). Similarly, in

23   **Robbins v. Superior Court of Sacramento County,** 38Cal.3d 199,211 (1985), the California Supreme

24   Court explained the trial court's proper balancing of hardships in determining whether a temporary

25   restraining order or preliminary injunction should issue: "The trial courts consider two interrelated

26   questions in deciding whether to issue a preliminary injunction; Is the Plaintiff likely to suffer greater

27   injury from a denial of the injunction than the Defendants are likely to suffer from its grant: and is there

     reasonable probability that the Plaintiff will prevail on the merits?" The purpose of a temporary

28

COMPLAINT FOR WRONGFUL FORECLOSURE                                    15

restraining order is to preserve the status quo pending a full hearing on a preliminary injunction. **Bronco Wine Co. v. US. Dept. of Treasury, 997F.Supp.1309,1313(B.D. Cal.1996).** A party seeking preliminary injunctive relief under Federal Rule of Civil Procedure 65 must show (1) a likelihood of success on the merits, (2) a significant threat of irreparable harm, (3) that the hardships favor the applicant, and (4) whether any public interest favors granting an injunction. **Raich v. Ashcroft**, 352 F.3d 122,1227(9th Cir.2003) *citing* **Dollar Rent-a-Car of Wash., Inc. v. Travelers Indem.Co., 774F.2d 1371, 1374(9th Cir. 1985)** vacated and remanded on other grounds by **Gonzalez v. Raich, 545 U.S. 1 (2005).**

### E. A JUDGMENT OR ORDER MAY BE SET ASIDE AND VACATED ON THE GROUNDS OF EXTRINSIC FRAUD OR MISTAKE BY PROCEEDING IN EQUITY, BY FURTHER MOTION OR INDEPENDENT ACTION.

Equitable relief may be granted from a judgment or order taken under circumstances of unfairness and injustice without affording a party an opportunity to participate in proceedings, **Palmer vs. Moore 219 A 2D. 438, 422, 33 Cr 239;** the statutory period prescribed by Section 473 does not bar a subsequent equitable motion for relief on the ground of extrinsic fraud or mistake merely because the extrinsic fraud or mistake might also constitute mistake, inadvertence, surprise, or excusable neglect within the meaning of the statute, **Desper vs. King 251 CA 2D. 659, 662-3, 59 CR 657;** equitable relief is available event if the six-month period set out in Section 473 has expired, **Rappelevea vs. Campbell, 8 C4th 975, 981, 35 CR2d. 669.**

The proceeding in equity to set side a judgment or order may be brought by motion or by an independent action, Morton **Regent Enterprises vs. Leadtee California Inc.** 74 CA 3d 842, 847, 141 CR 706, and extrinsic evidence may be used, **Souza vs. Fretas 10 CA 3d 660, 667, 89 CR 485.**

Extrinsic fraud as a ground for vacating a judgment or order is a broad concept that encompasses almost any set of extrinsic circumstances that deprive a party of a fair adversary hearing as by being kept in ignorance or the action or fraudulently prevented from participating in some manner; in regard **Marriage of Modnik, 33 A3d 897, 905, 191 CR 629.** Actual fraud is not required; extrinsic fraud may exist through only the result of mistake, **Souza vs. Fretas 10 CA 3d at 667.**

Extrinsic fraud may consist of fraudulent or negligent failure to give notice, **Carney vs. Simmons 49 C.2d 84, 315, P.2d 305;** of the willful misleading of the other party with respect to its need to appear

and protect his or her rights, **Davi vs. Belfiore 153 CA 2d 325, 327, 314, P.2d 394;** of the concealment of any intended fats within his or her knowledge regarding the transaction in question by one in a confidential or fiduciary relationship any material concealment or any intended fats within his or her knowledge regarding the transaction in question by one in a confidential or fiduciary relationship any material concealment will amount to fraud sufficient to entitle the injured party to an action, **Estate of Soders, Supra 40 .3rd at 616** or by filing false or misleading petitions with the court, as to the nonexistence of heirs, thereby preventing them form having notice of proceeding, **Harkins vs. Fielder 150 CA.2d. 528, 534.5, 310 p, 2b 423.**

## F.  A MISTAKE AND/OR NEGLIGENT FAILURE TO GIVE NOTICE OCCURRED IN THIS CASE.

A direct attack on a judgment may be allowed where there has been a failure to exercise the degree of diligence required by law in connection with personal service, where false recitals of service were the result of fraud, negligence, or mistake, or where failure to name a person as a party was the result of a mistake **Bennet vs. Hernia Bank 47 C2d. 540.305P2d.20.**

In this case there was a lack of diligence by the Plaintiff to identify the proper Defendant resulting in a lack of diligence by the Plaintiff to identify the proper party of the summons and complaint. Even if these activities were not intentionally fraudulent or deceptive, negligence or mistake still will trigger the equitable principles of extrinsic fraud.

The Rationale in setting aside the Default Judgment is that a party should have his or her day in Court to fairly prosecute or defend his or her case on the merits, **Cadeasso vs. Bank of Italy 224 CA 2d. 635, 36 Cal,Rptr. 834**

## G.  PLAINTIFF(S) HAVE ESTABLISHED THAT CONVERSION HAS TAKEN PLACE IN THIS CASE BY AN ACTUAL INTERFERENCE WITH OWNERSHIP AND RIGHT OF POSSESSION BY DEFENDANT(S).

"Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein.  One who buys property in good faith from a party lacking title and the right to sell may be liable for conversion.  The remedies for conversion include specific recovery of the property, damages, and a quieting of title." **Farmers Insurance Exchange**, supra, 53 Cal.App.4th at pp. 1081-1082.

COMPLAINT FOR WRONGFUL FORECLOSURE                              17

1  "In the absence of special circumstances the appropriate measure of damages for conversion of personal

2  property is the fair market value of that property plus interest from the date of conversion, the standard

3  first listed in Section 3336, Civil Code.  However, where proof establishes an injury beyond that which

4  would be adequately compensated by the value of the property and interest, the wrongful act.  Where

5  damages for loss of use exceeds the legal rate of interest of interest, it is appropriate to award the former,

   but not both." **Lint v. Chisholm** (1981) 121 Cal.App.3d 615, 624-625 [177 Cal.Rptr. 314],
6
   "In order to establish a conversion, the plaintiff must show an intention or purpose to convert the goods
7
   and to exercise ownership over them, or to prevent the owner from taking possession of his property.
8
   Thus, a necessary element of the tort is an intent to exercise ownership over property which belongs to
9
   another.  For this reason, conversion is considered an intentional tort." **Collin v. American Empire**
10
   **Insurance Co** (1994) 21 Cal.App.4th 787, 812 [26 Cal.Rptr.2d 391]; **Katz v Enos** (1945) 68
11
   Cal.App.2d 266, 269 [156 P.2d 461]; **Burlesci v. Petersen** (1998) 68 Cal.App.4th 1062, 1066 [80
12
   **Cal.Rptr.2d 704].**
13
   "Although damages for conversion are frequently the equivalent to the damages for negligence, i.e.,
14
   specific recovery of the property or damages based on the value of the property, negligence is no part of
15
   action for conversion." **Taylor, supra,** 235 Cal.App.3d at p. 1123.
16
   "It is clear that legal title to property is not a requisite to maintain an action for damages in conversion.
17
   To mandate a conversion action, it is not essential that plaintiff shall be the absolute owner of the
18
   property converted but she must show that she was entitled to immediate possession at the time of
   conversion." **Hartford Financial Corp v. Burns** (1979) 96 Cal.App.3d 591, 598 [158 Cal.Rptr. 169]
19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR WRONGFUL FORECLOSURE                                        18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

:Heidi: Amaya
5082 Shirley Dr
La Palma, CA 90623

# EXHIBIT "A"

THE LAND  IS SITUATED IN CITY OF LA PALMA, COUNTY OF ORANGE STATE OF CALIFORNIA,
AND DESCRIBED AS FOLLOWS:

LOT 38 OF TRACT NO 6399, IN THE CITY OF LA PALMA,  COUNTY OF ORANGE, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 234 PAGES 20 AND 21 OF MISCELLANEOUS
MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS MINERALS  AND OTHER HYDROCARBONS BELOW A DEPHT
OF 500 FEET, WITHOUT THE RIGHT OF SURFACE ENTRY, AS RESERVED IN INSTRUMENTS OF
RECORD.

ALSO EXEPT THEREFROM ALL WATER AND SUBSURFACE WATER RIGHTS, WITHOUT THE RIGHT
OF SURFACE ENTRYM BELOW A DEPHT OF 500 FEET, AS DEDICATED OR.RESERVED IN
INSTRUMENTS OF RECORD.

APN# 263-163-08

# EXHIBIT "B"

## Non-Statutory Metes and Bounds for the Property Address at:
## 5082 Shirley Drive, La Palma California 90623

**Beginning** at a point in the West line of a 25 foot right-of-way, historically referred to by the people as being Shirley Drive , said point being as Bearing North 0 deg. 35 min. 26 sec. East, a distance of 0.00 feet from the intersection of the said West line of said 25 foot right-of-way, with the West line of 25 foot right-of-way, Historically referred to by the people as being Shirley Drive, said point being the North West corner of said private land herein claimed, a 1/2 inch iron rod set for corner;

**Thence,** Bearing Norht 0 deg. 35 min. 26. Sec. East, along the East line of said private land herein claimed and the said West line of said 25 foot right-of-way, a distance of 99.57 feet, said point being the North West corner of said private land herein claimed, an "X" found in concrete covering a ½ inch iron rod set for corner;

**Thence,** Bearing North 89 deg. 24 min. 34 sec. West, along the West line of said private land herein claimed, a distance of 51 feet to a point in the West line of a 25 foot-right-of-way and the West line of said private land herein claimed, said point being the North East corner of said private land herein claimed, an "X" found in concrete covering a ½ inch iron rod set for corner;

**Thence,** Bearing North 0 deg. 35 mi 26 sec. East, along the East line of said private land herein claimed, and the West line of a 25 foot-right-of-way a distance of 99 feet, said point being the North West corner of said private land herein claimed, an "X" found in concrete covering a ½ inch iron rod set for corner;

**Thence,** Bearing North 89 deg. 24 mi 34 sec. West, along the West line of said private land herein claimed, and the West line of a 25 foot-right-of-way a distance of 26.43 feet, said point being the North East corner of said private land herein claimed, an "X" found in concrete covering a ½ inch iron rod set for corner;

**Thence,** Bearing North 2 deg. 38 mi 50 sec. West, along the West line of said private land herein claimed, a distance 24.56 feet to the **Place of beginning** and **Containing** 2,193 feet of private land herein after referred to as **"Private Land"**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "C"

# EXHIBIT D

# State of California
## Secretary of State

### CERTIFICATE OF STATUS

ENTITY NAME:

MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. (MERS)

FILE NUMBER:      C2416221
FORMATION DATE:   05/21/2002
TYPE:              DOMESTIC CORPORATION
JURISDICTION:      CALIFORNIA
STATUS:          SUSPENDED

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

The records of this office indicate the Secretary of State suspended the entity's powers, rights and privileges on November 09, 2004, pursuant to the provisions of the California Corporations Code; the California Franchise Tax Board suspended the entity's powers, rights and privileges on December 01, 2005, pursuant to the provisions of the California Revenue and Taxation Code; and the entity's powers, rights and privileges remain suspended.



IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this day of April 07, 2009.

**DEBRA BOWEN**
**Secretary of State**

1  RECORDING REQUESTED BY
   AND WHEN RECORDED MAIL TO:
2  :Heidi: Amaya
   5082 Shirley Drive
3  La Palma, CA 90623

4
   For the Plaintiff(s): :Heidi: Amaya, Sui Juris,  In Propria Persona
5

6          # SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                        ## COUNTY OF ORANGE

8

9  :Heidi: Amaya                          )
10                Plaintiff               )      Case No._____
                                          )
11                                        )
              Vs                          )      **NOTICE OF LIS PENDENCE**
12                                        )
13 JASON JOHN VAN BEEK;                   )
   CENTRAL MORTGAGE COMPANY;              )      **A.P.N.  263-163-08**
14 COUNTRYWIDE HOME LOANS, INC;           )
   NORTHWEST TRUSTEE SERVICES, INC;       )
15 OLD REPUBLIC DEFAULT MANAGEMENT        )
   SERVICES; and DOES 1 through 26,  inclusive,  )
16                Defendants              )
                                          )

17 **NOTICE IS HEREBY GIVEN** that the above captioned action was commenced on or about 05-11-2009

18 in the above- entitled court by: Plaintiff :Heidi: Amaya, against Defendants JASON JOHN VAN

19 BEEK; CENTRAL MORTGAGE COMPANY; COUNTRYWIDE HOME LOANS, INC;

20 NORTHWEST TRUSTEE SERVICES, INC; OLD REPUBLIC DEFAULT MANAGEMENT

21 SERVICES and DOES 1 through 26 (Collectively "Defendants") This action alleges a real property

22 claim affecting certain real property that situated in Orange County, California, which is commonly

23 known: as 5082 Shirley Drive, La Palma, CA 90623, and legally described as:

24

25     Lot 38 of Tract No. 6399, in the City of La Palma, County of Orange, State of California as per Map

26 recorded in Book 234, Pages 20 and 21of Miscellaneous Maps  A.P.N.  263-163-08

27

28 Dated _____     . By: _____
                                         :Heidi: Amaya, Plaintiff, In Propria Persona


                        NOTICE OF LIS PENDENCE

1  :Heidi: Amaya
   5082 Shirley Drive
2  La Palma, CA 90623

3
   For the Plaintiff(s): :Heidi: Amaya, Sui Juris,  In Propria Persona
4

5

6         SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                        COUNTY OF ORANGE

8

9                                        )
                                         )
10 :Heidi: Amaya                         )
11           Plaintiff                   )     Case No._____
                                         )
12           Vs                          )
                                         )     1.  **ORDER**
13 JASON JOHN VAN BEEK;                  )
   CENTRAL MORTGAGE COMPANY;             )
14 COUNTRYWIDE HOME LOANS, INC;          )     2.  **FOR THE CLAIM OF THE RELIEF**
   NORTHWEST TRUSTEE SERVICES, INC;      )
15 OLD REPUBLIC DEFAULT MANAGEMENT       )
16 SERVICES; and DOES 1 through 20,  inclusive, )
             Defendants                  )

17 Plaintiff: :Heidi: Amaya ("Plaintiff") claims and for cause of action claims against Defendants:
   JASON JOHN VAN BEEK; CENTRAL MORTGAGE COMPANY; COUNTRYWIDE HOME
18 LOANS, INC; NORTHWEST TRUSTEE SERVICES, INC; OLD REPUBLIC DEFAULT
   MANAGEMENT SERVICES; ("Defendants"), as follows:
19                               **ORDER**

20

21 1.    For the Claimant respectfully ask that the court protect the claimant's interest-rights to

22       ownership of the said property and issue an order for granting Declaration of Order for issuance

23       of Lis Pendence, until there is judicial determination.

24

25

26

27 _____              _____
28    Date                                 Judge


                         ORDER

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ~~RIVERSIDE~~ Orange



## NOTICE OF CIVIL CASE MANAGEMENT RULES

SERVICE: Unless otherwise permitted by the court, the plaintiff must serve each defendant with the complaint and a copy of this Notice of Civil Case Management Rules, the Notice of Assignment and the Alternative dispute resolution (ADR) packet. The plaintiff must file proof of service within 60 days of the filing of the complaint. If the complaint is amended to add a new defendant the plaintiff must serve the defendant (as described above) and subsequently file proof of service within 30 days of the filing of the amended complaint.

Upon the filing of a cross-complaint the cross-complainant must serve each new party with the cross-complaint and a copy of this Notice of Civil Case Management Rules, Notice of Assignment, and the Alternative Dispute Resolution (ADR) packet. The cross-complainant must file proof of service within 30 days of the filing of the cross-complaint. If a party has previously appeared in the action, a proof of service must accompany the cross-complaint at the time of filing.

DEFAULT: If a responsive pleading is not filed and served within the specified time, the plaintiff must file a Request for Entry of Default no later than 10 days after the responsive pleading was due.

CASE MANAGEMENT CONFERENCE: Parties must meet and confer in person or by telephone, at least 30 days before the Case Management Conference. No later than 15 days prior to the Case Management Conference, each party must file a Case Management Statement with the Court and serve it on all parties in the action. Parties are encouraged to file a joint Case Management Statement, in lieu of each party filing a separate statement. Parties must use the mandatory Case Management Statement (Judicial Council form CM-110). Each party who has appeared in the action must be present at the Case Management Conference.

SANCTIONS: The court may impose monetary sanctions if a party fails to comply with these requirements or any other state or local rules.

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

# You Don't Have to Sue

## Here are Some Other Ways



## To Resolve a Civil Dispute

- ADR can save money. Court costs, attorney fees, and expert fees can be saved.
- ADR can permit more participation. The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.
- ADR can be flexible. The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.
- ADR can be cooperative. This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.
- ADR can reduce stress. There are fewer, if any court appearances. In addition, because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.
- ADR can be more satisfying. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up.   For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **Arbitration**

In Arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal, much speedier, and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by

an arbitrator than by a judge.   Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medcal reports and bills and business records), rather than by testimony.

There are two kinds of arbitration in California.   Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and, normally, is binding.   In most cases, "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision.   By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless the parties agree to be bound.   A party who does not like the award may file a request for trial with the court within a specified time.   However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial.   Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

## • Settlement Conferences

In a Settlement Conference a neutral, who conducts the conference, meets with both sides and confers with each, often separately, to attempt to get the parties to evaluate and re-evaluate their case so as to achieve a negotiated settlement.   Essentially, the neutral simply assists the parties to negotiate a resolution.   Settlement conferences may occur at any time in the

# Introduction

Did you know that most civil lawsuits settle without a trial?

In addition, did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR).  The most common forms of ADR are Mediation, Arbitration, and Settlement Conferences  There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves.  These persons are called neutrals.  For example, in mediation, the neutral is the mediator.  Neutrals normally are chosen by the disputing parties or by the court.  Neutrals can help parties resolve disputes without having to go to court.

ADR is not new.  ADR is available in many communities, through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- ADR can be speedier.  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

# Disadvantages of ADR

- ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California State Courts and discusses when each may be right for a dispute.

## ● Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some

course of the dispute or litigation, and often are required as a case nears trial.

## Additional Information

There are several other types of ADR besides mediation and arbitration. Some of these are conciliation, case evaluation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering. Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge. You may wish to seek the advice of any attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in our community:

California Department of Consumer Affairs
Consumer Information Center
Toll free, -800-952-5210

-or-

1
2
3
4
5
6
7
8
9

Eric-Douglas Johnson (State Bar No. 224065)
**LAW OFFICE OF ERIC-DOUGLAS JOHNSON**
9426 Firestone Blvd.
Downey, CA 90241
ericdouglasjohnsonesq@yahoo.com
Tel: (562)268-5000
Fax: (562)469-5555

Attorney for Plaintiff
   **HEIDI AMAYA**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUN 17 2009

ALAN CARLSON, Clerk of the Court

BY:_____J. TRAN_____,DEPUT·

10
11
12

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

13
14
15
16
17
18
19
20
21
22
23
24

HEIDI AMAYA
                           Plaintiff,

           vs.

JASON JOHN  VAN BEEK; CENTRAL
MORTGAGE COMPANY;
COUNTRYWIDE HOME LOANS,
INC; NORTHWEST TRUSTEE
SERVICES, INC; OLD REPUBLIC
DEFAULT MANAGEMENT
SERVICES; and
DOES 1 through 26, inclusive,


                           Defendants.

**CASE NO. 30-2009-00122892**

**NOTICE OF  LIS PENDENCE**


**A.P.N.  263-163-08**

25
26
27
28

**NOTICE  IS HEREBY** GIVEN  that the above  captioned action was commenced  on
or about 05-11-2009  in the above-entitled court by Plaintiff  Heidi Amaya, against
Defendants  JASON  JOHN  VAN  BEEK;  CENTRAL  MORTGAGE  COMPANY;
COUNTRYWIDE HOME LOANS, INC; NORTHWEST TRUSTEE SERVICES, INC;
OLD REPUBLIC  DEFAULT  MANAGEMENT  SERVICES and DOES 1 through 26

- 1 -

1  (Collectively " Defendants") This action alleges a real property claim affecting certain
2  real property that situated in Orange County, California, which is commonly known: as
3  5082 Shirley Drive, La Palma, CA 90623, and legally described as:
4    Lot 38 of Tract No. 6399 in the City of La Palma, County of Orange, State of
5  California as per Map recorded in Book 234, Pages 20 and 21 of Miscellaneous Maps
6  A.P.N. 263-163-08.
7
8
9  Dated:  June 17, 2009            By: _____
10                                      Eric-Douglas Johnson, Esq.
11                                      Attorney for Plaintiff  Heidi Amaya
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Notice of Lis Pendence

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ORANGE

The Undersigned hereby declares:

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action:  my business address is 9426  Firestone Blvd., Downey, CA 90241.   On June 17, 2009 I served the foregoing document described as: Notice by Plaintiff of Pendency of Action on the interested parties in this action by placing the a true copy thereof enclosed in a sealed envelope addressed as follows:

### NOTICE OF LIS PENDENCE

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| JASON JOHN  VAN BEEK | 11014 PEORIA STREET, SUN VALLEY, CA 91352-1630 |
| CENTRAL MORTGAGE COMPANY | 801   JOHN   BARROW,   SUITE   1, LITTLE ROCK, AR 72205 |
| COUNTRYWIDE HOME LOANS, INC | 400   COUNTRYWIDE   WAY   SV-35 SIMI VALLEY, CA 93065 -6298 |
| NORTHWEST  TRUSTEE  SERVICES, INC | 505 N. TUSTIN AVENUE, SUITE 243, SANTA ANA, CA 92705 |
| OLD REPUBLIC DEFAULT MANAGEMENT SERVICES | 500 CITY PARKWAY WEST  SUITE 200, ORANGE, CA 92868 |

[ ]   (BY PERSONAL DELIVERY) I personally delivered the envelope to the addressee indicated.

[ ]   (BY FACSIMILE)  The above-referenced document was transmitted by facsimile transmission and the transmission was reported as completed and without error.

- 3 -

Pursuant to C.R.C. 2009(I), I either caused, or had someone cause, the transmitting machine to properly transmit the attached documents to the facsimile numbers shown on the service list.

[ ]   (BY FEDERAL EXPRESS)  I am readily familiar with the firm's practice of collection and processing o documents for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

[ x ]   (BY MAIL)  The above mentioned document was placed of for collection and mailing on this date. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared at Los Angeles, CA in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the above is true and correct.  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service as made.  Executed on June 17, 2009 at Downey, CA.

By: _Karla Felix_
Karla Felix

Notice of Lis Pendence

1

2

## PROOF OF SERVICE

3        I am employed in the County of Orange, State of California.  I am over the age

4 of eighteen and not a party to the within action.  My business address is 2112 Business

5 Center Drive, Second Floor, Irvine, California 92612.

6        On June 26, 2009 I served the following document described as:

7 NOTICE OF REMOVAL

8        On the following interested parties in this action:

9 **SEE ATTACHED SERVICE LIST**

10 [x ]        <u>VIA MAIL -- CCP §§ 1013(a); 2015.5</u>: By placing a true copy thereof
             enclosed in a sealed envelope(s) addressed as above, and placing each for

11           collection and mailing on the date following ordinary business practices.  I am
             readily familiar with my firm's business practice and collection and processing of

12           mail with the United States Postal Service and correspondence placed for
             collection and mailing would be deposited with the United States Postal Service at

13           Irvine, California, with postage thereon fully prepaid that same day in the ordinary
             course of business.

14

15 [  ]        <u>VIA FACSIMILE</u>: By faxing a true copy thereof to the Facsimile Number
             indicated above, and obtaining a confirmation receipt that the transmission of
             the document was successful.

16

17 [  ]        <u>VIA OVERNIGHT DELIVERY</u>: By placing a true copy thereof enclosed in
             a sealed next business day envelope, and placing each for collection and
             mailing on said date following ordinary business practices.

18

19 []          <u>VIA PERSONAL DELIVERY</u>: By placing a true copy thereof enclosed in a
             sealed next envelope, and causing such envelope to be personally delivered to

20           the address listed on the attached service list.  A separate proof of service by
             the party who delivered the envelope is available upon request.

21        I declare under penalty of perjury, under the laws of the State of

22 California that the foregoing is true and correct.  Executed June 26, 2009 at Irvine,

23 California.

24

25                                         MELISSA D. FUSCO

26

27

28

MDF:/MC33884 Amaya POS.wpd

1

**AMAYA V. CENTRAL**
**SERVICE LIST**

2

3  **ATTORNEY FOR PLAINTIFF:**
Eric-Douglas Johnson, Esq.

4  LAW OFFICE OF ERIC-DOUGLAS JOHNSON
9426 Firestone Boulevard

5  Downey, CA 90241

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MDF:/MC33884 Amaya POS.wpd

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>HEIDI AMAYA | **DEFENDANTS**<br>JASON VAN BEEK, CENTRAL MORTGAGE COMPANY, COUNTRYWIDE HOME LOANS, NORTHWEST TRUSTEE SERVICES, INC., OLD REPUBLIC DEFAULT MANAGEMENT SERVICES |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Jon-Douglas Johnson, Esq., 9426 Firestone Boulevard, Downey, CA 90241<br>Phone (562) 268-5000 | Attorneys (If Known)<br>William G. Malcolm, Esq., MALCOLM CISNEROS, a Law Corporation, 2112 Business Center Drive, 2nd Floor, Irvine, CA 92612  (949) 252-9400 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
12 USC 1452(f) - Federal Home Loan Mortgage Corporation right to remove case to Federal Court

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☑ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |

| | |
|---|---|
| **FOR OFFICE USE ONLY:**  Case Number: _____ **SACV09-749 JVS(SSX)** | |

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff resides in Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Jason Van Beek - unknown<br>Central Mortgage, Countrywide, Northwest & Old Republic dba Orange County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California. | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date June 26, 2009

   **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## SACV09- 749 JVS (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [X] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [_] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.